[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant action is one wherein the plaintiff seeks to collect the balance due on a contract involving advertising in a publication known as "TV Facts." The period during which the plaintiff was to run defendant's ad was fifty-two weeks commencing July 31, 1988. The rate was $350.00 per week. (Exhibit A).
The defendant's ad appeared in TV Facts weekly until March 1989 at which time defendant indicated to the plaintiff that it wished to discontinue same in violation of the contract provision to the effect the advertiser may not cancel agreement during the contract period.
The defendant paid the plaintiff all monies due through February 1, 1989. In addition the defendant paid the plaintiff $1,050.00 representing the "last three" issues in which the ad was to appear (March 5, 19 and 26, 1989) (Exhibit 1).
The plaintiff did not run defendant's ad thereafter and now seeks to recover for advertising that did not appear in "TV Facts" through the end of the term of the contract.
The court finds that the parties did enter into a contract and that the defendant breached same in March 1989.
The general rule of damages applicable to a breach of contract for the sale of goods is contract price less market value, the loss to a seller being the difference between the price he was to receive and the value of the goods, less any expense he saves. While the law imposes upon the party injured by a breach of contract the active duty of making reasonable exertions to render the injury as light as possible, the burden of proving that CT Page 9440 the damages sustained could have been prevented rests upon the party guilty of the breach.
However, market value is not always the measure of recovery — — as for example, where there is no market for the type of goods involved, or where it is a contract for personal services, or where the subject matter of the contract is perishable. In such situations the damages are measured by the difference between contract price and cost of performance on the principle that such sellers are entitled to the damages they have actually sustained by the breach of contract (5 Williston on Contracts [rev.ed.] 1379).
Advertising contracts have been held to fall into the latter category, so that upon wrongful withdrawal by an advertiser the publisher is entitled to recover the contract price, reduced, as though the contract was one for services, by such amount as was or could have been obtained in the exercise of reasonable efforts to minimize damages by the use of that space for other advertisements.
The rule here applicable measures plaintiff's damages on the basis of reasonable efforts to sell the space in question reducing his net contract price claim by the proceeds realized from such sales as he could reasonably effect.
The plaintiff made no effort to sell the space subsequent to the time the defendant breached the contract because he claims defendant would not "release" him from liability for so doing. Said contention is inconsistent with the claim that the contract was terminated in March 1989.
Under the circumstances the court may not award other than nominal damages to the plaintiff without engaging in speculation and conjecture which, of course, it may not do.
Judgment may enter in favor of the plaintiff to recover of the defendant the sum of $1.00 by way of nominal damages together with taxable costs.
The Court By John C. Flanagan